Frank J. Broccolo (SBN 210711)
frank@broccololaw.com
LAW OFFICE OF FRANK J. BROCCOLO
7083 Hollywood Boulevard
Suite 4014
Los Angeles, CA 90028
Telephone:   (310) 694-1795

Attorney for Defendant
Costco Wholesale Corporation

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| JAMES BOSWELL and MALIA LEVIN, on behalf of themselves, all others similarly situated and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>Defendant. | Case No. 8:16-CV-00278<br><br>**DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. 1332, 1441, 1446, AND 1453** |

NOTICE OF REMOVAL

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

   **PLEASE TAKE NOTICE** that Defendant Costco Wholesale Corporation ("Costco") hereby removes to this Court the state court action described below pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453, and other applicable law.  In support thereof, Costco states as follows:

   1.   On January 20, 2016, Plaintiffs James Boswell and Malia Levin, on behalf of themselves, and purporting to act on all others similarly situated and the general public (collectively, "Plaintiffs"), filed a complaint (the "Complaint") against Costco, in the Superior Court of the State of California, for the County of Orange (the "State Court"), entitled *James Boswell, et. al. v. Costco Wholesale Corporation*, Case No. 30-2016-00830927-CU-BT-CXC (the "Action").  Costco is the only defendant in the Action.  Pursuant to 28 U.S.C. § 1446(a), attached hereto is a true and correct copy of all process, pleadings, and orders served upon Costco in the Action.  Also attached are three documents that Plaintiffs did not serve on Costco, but which appear in the State Court's file (a Proof of Service of Summons; a Notice of Case Assignment; and Plaintiffs' payment receipt).

   2.   <u>Timeliness</u>.  On January 22, 2016, Plaintiffs served the Complaint on Costco.  Costco's Notice of Removal is timely because it is filed within 30 days of the service of the Complaint.

   3.   <u>Jurisdiction</u>.  The above-described action is a civil action over which this Court has original jurisdiction and, consequently, may be removed pursuant to 28 U.S.C. § 1441(b).  Under 28 U.S.C. § 1441(a), a defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]"  Pursuant to 28 U.S.C. §§ 1332(d) and 1453, federal district courts have original jurisdiction over a class action if (1) it involves 100 or more putative class members; (2) any class member

is a citizen of a state that is different from any defendant; and (3) the aggregated amount in controversy exceeds $5 million (exclusive of costs and interests). See, e.g., 28 U.S.C. §§ 1332(d)(2) and (d)(6).  All such requirements are met here.

4. <u>Class size</u>.  The Complaint alleges that the proposed class (the "Purported Class") consists of "all persons in the California [sic] who, on or after from [sic] January 15, 2012…purchased, for personal or household use, and not for resale or distribution purposes [the product described as] Costco's Kirkland Coconut Oil [(the "Product")]." (Complaint, ¶ 109.)  In California, Costco sold over 76,000 units of the Product in 2014, over 383,000 units of the Product in 2015, and over 264,000 units of the Product from January 1, 2016 to the present, and the Action involves over 100 putative members of the Purported Class.

5. <u>Diversity of Citizenship</u>.  The parties are minimally diverse.  Costco was only a citizen of the State of Washington at all relevant times, including at the time Plaintiffs' Complaint was filed and at the time of the filing of this removal. Costco's state of incorporation is the State of Washington, where it is organized and existing under the laws of the State of Washington.  Costco's principal place of business was and is located in the State of Washington as well.  Its headquarters are located at 999 Lake Drive in Issaquah, Washington, which is where its officers direct, control and coordinate the corporation's activities (*i.e.*, its "nerve center"). Plaintiffs James Boswell and Malia Levin were citizens of the State of California at all relevant times, including at the time that their Complaint was filed and at the time of the filing of this removal.  Furthermore, numerous persons who bought the Product in California from January 20, 2013 to the present were, at all relevant times as described above, either citizens of the State of California and/or, in any event, not citizens of the State of Washington.  As such, at all relevant times, including when the Complaint was filed and at the time of the removal, there are members of the Purported Class who were and are citizens of a different state than

2
NOTICE OF REMOVAL

Costco, the only defendant in the Action.

6. <u>Amount in Controversy</u>.  Although Costco denies that Plaintiffs are entitled to class certification and/or that their purported claims have merit, given the scope of the alleged claims and relief sought, the "matter in controversy," as set forth in 28 U.S.C. §§ 1332(d)(2) and (d)(6), exceeds $5 million.  In California, Costco's sales of the Product were over $1,885,000 in 2014, over $10,048,000 in 2015, and over $6,396,000 from January 1, 2016 to the present (thus, exceeding $18 million during this time frame).  Plaintiffs contend, among other things, that (1) all of the purported "Class Members…were subjected to the same misleading and deceptive conduct when they purchased [the Product], and suffered economic injury" (Complaint,¶ 113); (2) the Product "may have been worth nothing" (Complaint, ¶ 102); and (3) "Plaintiffs would not have purchased [the Product]" but for Costco's alleged actions.  (Complaint, ¶ 104.)  In reliance upon these and other allegations, Plaintiffs' Complaint alleges that they are entitled to various forms of relief.  For example, in their first cause of action, Plaintiffs "seek an order for disgorgement and restitution of *all monies* from the sale of [the Product], which [Plaintiffs contend] were unjustly acquired through acts of unlawful competition."  (Complaint, ¶ 131; emphasis added.)  With respect to their third cause of action, Plaintiffs seek "(a) actual damages in the amount of *the total retail sales price* of [the Product] sold throughout the Class Period to all Class Members, (b) *punitive damages* in an amount sufficient to deter and punish, (c) *injunctive relief* in the form of modified advertising and a corrective advertising plan, (d) *restitution*, and (e) *attorneys' fees* and costs."  (Complaint, ¶ 144; emphasis added.)  For another example, in their fourth cause of action, Plaintiffs contend that they have suffered "injury in the form of the lost purchase price that plaintiffs and Class [M]embers paid for [the Product, and that they seek] their actual damages arising as a result of Costco's [purported] breaches of express warranty."

(Complaint, ¶¶ 153, 154.) Furthermore, in their fifth cause of action, Plaintiffs claim that they have sustained "damages… in the amount of [the Product's] purchase price." (Complaint, ¶ 160.) Consequently, this requirement is also met.

7. <u>Venue</u>. The United States District Court for the Central District of California is the judicial district embracing the place where Case No. 30-2016-00830927-CU-BT-CXC was filed by Plaintiffs, and is therefore the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

8. There are no grounds that would justify this Court in declining to exercise jurisdiction pursuant to 28 U.S.C. §§ 1332(d)(3) or requiring it to decline to exercise jurisdiction under 28 U.S.C. §§ 1332(d)(4) or any applicable law.

WHEREFORE, Costco removes to this Court the above action pending against it in the Superior Court of California, County of Orange.

DATED: February 18, 2016        LAW OFFICE OF FRANK J. BROCCOLO

By: /s/ Frank J. Broccolo
Frank J. Broccolo
Attorney for Defendant
Costco Wholesale Corporation