JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BOSWELL, MICHELLE SALAZAR-NAVARRO, and JUNE KEEN on behalf of themselves, all others similarly situated and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION and LODC GROUP, LTD.,<br><br>Defendants. | Case No: 8:16-cv-00278-DOC-DFMx<br><br>**ORDER GRANTING PLAINTIFFS' MOTIONS FOR FINAL APPROVAL OF CLASS SETTLEMENT [125] AND FOR ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARDS [126]**<br><br>Judge: Hon. David O. Carter |

1  WHEREAS, the above-captioned action is pending before this Court (the "Litigation").

2  WHEREAS, on July 26, 2017, the Court issued an order that (1) granted preliminary approval the Settlement Agreement attached as Exhibit 1 to the Supplemental Declaration of Jack Fitzgerald dated May 2, 2017 (Dkt. No. 101-1) (the "Agreement"); (2) conditionally certified, for settlement purposes only, a class of all persons in the United States who purchased, for personal or household use, Kirkland Signature Organic Virgin Coconut Oil in 42.3-ounce jars; (3) appointed plaintiffs James Boswell, Michelle Salazar-Navarro, and June Keen ("Plaintiffs") as representatives of that class; and (4) appointed The Law Office of Jack Fitzgerald, PC and The Law Office of Paul K. Joseph, PC, and their attorneys of record, as counsel for that class, among other things (the "Preliminary Approval Order"). (Dkt. No. 115.)

WHEREAS, on July 27, 2017, the Court issued a scheduling notice, setting the final approval fairness hearing for December 4, 2017 at 8:30 a.m. (the "Final Approval Fairness Hearing"). (Dkt. No. 117.) This hearing was subsequently rescheduled to December 13, 2017 at 8:30 a.m. (Dkt. No. 131.)

WHEREAS, on August 24, 2017, pursuant to the stipulation of the parties (Dkt. No. 119), the Court issued an order that adjusted the notice and claims deadlines in this matter, and approved the forms and notices attached to the parties' stipulation as Exhibits A to E. (Dkt. No. 120.)

WHEREAS, copies of the Agreement, foregoing orders, and other information were provided to the Attorneys General of each state and the United States of America, as set forth in the Declaration of Frank J. Broccolo dated November 3, 2017. (Dkt. No. 125-5.)

WHEREAS, Plaintiffs have now moved, pursuant to Federal Rule of Civil Procedure 23(e), for an order granting final approval of the Agreement, which Agreement sets forth the terms and conditions for the settlement of the Litigation (the "Motion for Final Approval") (Dkt. No. 125);

1

WHEREAS, Plaintiffs have also moved, pursuant to California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1780(e), California's Private Attorney General Statute, Cal. Civ. Proc. Code § 1021.5, and California Code of Civil Procedure § 1033.5 for an order awarding attorneys' fees and costs, and incentive awards to each of the Plaintiffs (the "Motion for Fees") (Dkt No. 126); and

WHEREAS, the Court, having read and considered the Agreement and all of the papers filed in support of the Motion for Final Approval and Motion for Fees, and having heard the argument of counsel at the hearing on these matters on December 13, 2017:

NOW, THEREFORE, IT IS HEREBY FOUND AND ORDERED:

1. All defined terms herein shall have the same meanings as in the Agreement, and the Court incorporates those defined terms herein by this reference.

2. This Court has jurisdiction over the Litigation and all Parties and Settlement Class Members.

3. For the reasons set forth in the Preliminary Approval Order (Dkt. No. 115), and for the reasons set forth herein and on the record during the Final Approval Fairness Hearing conducted December 13, 2017, the Court confirms the order conditionally certifying the Class for settlement purposes, defined as:

> all persons in the United States who purchased, for personal or household use, Kirkland Signature Organic Virgin Coconut Oil in 42.3-ounce jars.

4. Excluded from the Class are any persons who timely opted-out of the Class as set forth in the Agreement.

5. The Court reaffirms the Preliminary Approval Order appointing the Plaintiffs as Class Representatives and The Law Office of Jack Fitzgerald, PC and The Law Office of Paul K. Joseph, PC and their attorneys of record as Class Counsel.

6. Notice of the pendency of this Litigation as a class action, and of the proposed Agreement, was given to all Settlement Class Members by the best means practicable under the circumstances, including direct Postcard Notice to over 1.7 million Settlement Class

2

*Boswell et al. v. Costco Wholesale Corp. et al.*, No. 16-cv-278-DOC-DFM
ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Members, and email notice to over 615,000 Settlement Class Members. The web-based notice utilized social media and additional "keyword" searches, resulting in an additional over 2.5 million web impressions. Notice to the Class was further effected through the creation of a website, www.KirklandCoconutOilSettlement.com. The Notice Plan, which was approved by the Court, resulted in 50,223 claims submitted as of November 2, 2017. The Court finds that the form and method of notifying the Settlement Class Members of the pendency of the Litigation, the terms of the proposed Agreement, and the Settlement Class Members' rights and options with respect thereto, was fair, adequate, and met all of the requirements of the Preliminary Approval Order (Dkt. No. 115), Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law.

7. The Agreement was reached after serious, informed, arms-length and non-collusive negotiations by capable and experienced counsel with full knowledge of the facts, the law, and the risks inherent in litigating the Litigation, and was the product of vigorously fought litigation. The Agreement is entitled to a presumption of procedural fairness, and was entered into as the result of a process that was in fact procedurally fair.

8. The Agreement confers substantial economic and non-economic benefits upon the Settlement Class Members, provides substantial additional economic and non-economic benefits to the public, is in the public interest, and will provide the parties with repose from litigation.

9. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that the Agreement is fair, reasonable, and adequate, and therefore approves the Agreement and directs that the Agreement be implemented in accordance with the terms set forth therein.

10. The Court hereby approves, as fair, reasonable, and adequate, the plan of allocation, *i.e.*, the distribution of benefits to be provided to the Settlement Class Members and the means of providing such benefits, as set forth in the Agreement.

3

*Boswell et al. v. Costco Wholesale Corp. et al.*, No. 16-cv-278-DOC-DFM
ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

11. The Court has considered Class Counsel's request for an award of $193,750 in attorney's fees and $18,580 in costs. The Court recognizes Class Counsel's skillful and zealous prosecution of the Action, as well as the risks involved in prosecuting the Action. Having reviewed Class Counsel's Motion for Fees, and all applicable legal authorities, the Court hereby approves an award of attorneys' fees in the requested amount of $193,750 and an award of costs in the requested amount of $18,580, as well as the fee of Dahl Administration, the Claim Administrator, in an amount not to exceed $400,000. While the Court considered Class Counsels' lodestar only as a cross check for the percentage of common fund method of determining attorneys' fees, the Court nevertheless also approves Class Counsels' billing rates and the amount of time spent by Class Counsel on the different tasks involved in litigating this case, as set forth in the Motion for Fees.

12. In making the award of attorneys' fees and reimbursement of costs and expenses, the Court has considered and found that:

    a. The Agreement provides direct, immediate and tangible economic benefits to Settlement Class Members, in the form of payments, attorneys' fees, class notice and administration, and incentive awards to the Class Representatives, with an economic value of $775,000, paid by Defendants into a non-reversionary Common Fund;

    b. The Agreement also provides non-economic benefits to Settlement Class Members, in the form of education;

    c. The Agreement provides further relief by contractually binding defendants to not use the terms "health" or "healthful," or any other derivative of the term "healthy," on the label of Kirkland Signature Coconut Oil, absent a change in the law that permits such use;

    d. Class Counsel have conducted the Litigation and achieved the Agreement with skill, perseverance, and diligent advocacy;

4

*Boswell et al. v. Costco Wholesale Corp. et al.*, No. 16-cv-278-DOC-DFM
ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

  e. The Action involves complex legal and factual issues and was actively prosecuted for over a year before settlement was reached. But for the Agreement, the litigation would involve further lengthy proceedings, at considerable risk to the Class, and with uncertain resolution of the legal and factual issues;

  f. Had Class Counsel not achieved the Agreement, there would remain a significant risk that the Class may have recovered less or nothing from Defendants;

  g. The requested award of attorneys' fees of $193,750 represents 25% of the financial benefit to the Class, and is less than the total economic value of the Agreement when considering the non-economic benefits of the Agreement. The Court finds that the requested award of attorneys' fees, costs, and expenses is reasonable when viewed as percentage of the Common Fund, taking all relevant factors into account;

  h. Class Counsel have devoted approximately 757 hours to this litigation with a combined lodestar of $387,917. The Court recognizes that the amount requested, $193,750, is actually a downward departure and represents a 0.499 lodestar (negative) multiplier. The Court recognizes that Class Counsel is accepting a downward lodestar to ensure fair, adequate, and reasonable economic compensation to the Class.

  i. On balance, the requested award of attorneys' fees, costs, and expenses is fair, reasonable, and consistent with awards in similar cases.

13. The Court has considered the requests for incentive awards for the Class Representatives of $2,000 to Mr. Boswell and $1,000 each for Ms. Salazar-Navarro and Ms. Keen. The Court finds the requested incentive awards to be justified under the facts of this case and the applicable legal authorities. Accordingly, the Court hereby approves the incentive awards of $2,000 to Mr. Boswell, and $1,000 each to Ms. Salazar-Navarro and Ms. Keen.

14. Counsel complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

5

*Boswell et al. v. Costco Wholesale Corp. et al.*, No. 16-cv-278-DOC-DFM
ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

15. The Court notes that no objections were filed and that no objectors appeared at the Final Fairness Hearing. The Court also notes that only 0.03% of the Class chose to opt-out of the Settlement. The lack of objections and a low opt-out rate are strong indicators that the Agreement is fair, adequate, and reasonable.

16. The Court finds that the Agreement is fair, reasonable and adequate, and accordingly, the Court approves the Agreement and, for the purposes of settlement, this order, and the judgment to be entered thereon, the Court finds that the Settlement Class should be and hereby is finally certified. The Claim Administrator shall pay all Valid Claims, Attorneys' Fees and Costs, and Incentive Awards from the Common Fund as set forth in the Agreement. The Attorneys' Fees and Costs are subject to repayment as set forth in the Agreement.

17. One hundred eighty (180) days after the payment of Valid Claims, Plaintiffs and Defendants may jointly request in writing that the Claim Administrator have funds from uncashed checks remaining in the Common Fund be paid to the American Heart Association and, upon such request, the Claim Administrator shall make such distribution, without further Court approval. Any disputes that concern the disbursement of such funds will be resolved by the Court based upon a noticed motion.

18. This Litigation is dismissed on the merits and in its entirety, with prejudice, as to all Plaintiffs and all Settlement Class Members, and without costs except as otherwise provided in this order (the "Final Approval Order"), and a final judgment shall be entered thereon (the "Judgment").

19. This Final Approval Order, the Agreement, and the Judgment are binding on all Settlement Class Members who have not timely excluded themselves as set forth in the Agreement, including each and every term set forth in Section VIII of the Agreement (which the Court incorporates herein by this reference) and all of the releases and waivers set forth therein. Consequently, the Agreement, Final Approval Order, and Judgment shall fully, finally and forever resolve the Released Claims, and can be raised as a complete defense to

6

*Boswell et al. v. Costco Wholesale Corp. et al.*, No. 16-cv-278-DOC-DFM
ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

1  and will preclude any other action or proceeding against the Released Parties based on the Released Claims, as defined in the Agreement.

20.  No action taken by Defendants or Plaintiffs, either previously or in connection with the negotiations or proceedings connected with the Agreement, shall be deemed or construed to be an admission of the truth or falsity of any claims and/or defenses heretofore made or an acknowledgment or admission by any Party of any fault, liability or wrongdoing of any kind whatsoever to any other Party.  Neither the Agreement nor any act performed or document executed pursuant to or in furtherance of the Agreement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any claim made by the Plaintiffs, Settlement Class Members, or Class Counsel, and/or of any wrongdoing and/or liability of the persons or entities released under this Final Approval Order and the Agreement, and/or (b) is, or may be deemed to be or used as, an admission of, or evidence of, any fault or omission of any of the persons or entities released under this Final Approval Order and the Agreement, in any proceeding in any court, administrative agency, or other tribunal.  Furthermore, the Defendants' agreement not to oppose the entry of this Final Approval Order shall neither be construed as an admission and/or concession by them that class certification was appropriate in the Litigation or would be appropriate in any other action and/or any other admission.

21.  Without affecting the finality of the Judgment, the Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Settlement, and all Parties hereto submit to the continuing jurisdiction of the Court for purposes of implementing and enforcing this Settlement.

**IT IS SO ORDERED.**

Dated: December 13, 2017

*David O. Carter*

Hon. David O. Carter
United States District Court Judge

7

*Boswell et al. v. Costco Wholesale Corp. et al.*, No. 16-cv-278-DOC-DFM
ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT